

FILED
November 6, 2015
TN COURT OF
WORKERS' COMPENSATION
CLAIMS
TIME 10:39 AM



# IN THE COURT OF WORKERS' COMPENSATION CLAIMS
## AT NASHVILLE

| | | |
|---|---|---|
| **Charles Harris** | ) | **Docket No.: 2015-06-0603** |
|      **Employee,** | ) | |
| **v.** | ) | **State File No.: 62440-2014** |
| **General Motors** | ) | |
|      **Employer,** | ) | **Judge Joshua Davis Baker** |
| **And** | ) | |
| **Sedgwick CMS** | ) | |
|      **Carrier/TPA.** | ) | |

_____

## EXPEDITED HEARING ORDER DENYING TEMPORARY DISABILITY AND MEDICAL BENEFITS

THIS CAUSE came to be heard before the undersigned Workers' Compensation Judge upon the Request for Expedited Hearing filed by the employee, Charles Harris, pursuant to Tennessee Code Annotated section 50-6-239 (2014). Mr. Harris seeks medical care and temporary disability benefits related to a right-ankle injury. The employer, General Motors, LLC, disputes whether Mr. Harris' ankle injury arose primarily out of and in the course and scope of his employment. Based on the evidence before it at this time, the Court finds Mr. Harris is unlikely to succeed in proving causation at a Compensation Hearing and denies his request for temporary disability and medical benefits.

### History of Claim

Mr. Harris is a fifty-eight-year-old resident of Williamson County, Tennessee, and employed by General Motors, LLC (GM) for more than thirty years. He suffers from a hereditary condition called pes cavus. He also suffered an ankle sprain on April 23, 2013. (Ex. 4.) Dr. Arthur, whose first name is not contained in the record, diagnosed peroneal tendonitis. *Id*. An MRI of his ankle revealed minimal degenerative change; he last treated for the condition on July 17, 2013. *Id*.

Mr. Harris claimed an injury to his right ankle while participating in post-surgery

physical therapy for a work-related, right-knee injury. (Ex. 1.) Dr. Randall Davidson, Mr. Harris' authorized treating physician for his right-knee injury, released him from further treatment for his knee on October 29, 2014. (Ex. 3.) The treatment note from October 29 also stated the following:

> His right ankle needs to be treated. I have placed him in an ASO brace. He will speak with workman's comp about getting an appointment and decide if it needs to be billed under his old injury or this new one. His ankle was doing well until it flared up during physical therapy. I do not have his old records but will arrange to have them sent to me. I suspect this is a new injury.

On November 19, 2014, Dr. Davidson assessed peroneal tendinitis and pes cavus. He opined Mr. Harris suffered an ankle strain during physical therapy that caused his previously diagnosed peroneal tendonitis to flare up. (Ex. 4.) In a January 9, 2015 letter, Dr. Davidson noted that Mr. Harris had an MRI following his 2013 ankle injury and characterized the results as "unremarkable." *Id*. He went on to state, "But, he gives me no other history of injury other than what happened in physical therapy that would suggests [sic] another etiology of his present symptoms." *Id*.

Mr. Harris underwent another MRI on January 9, 2015. (Ex. 12.) The MRI results revealed a small effusion and "focal grade 3 to 4 chondromalacia involving the medial tibial plafond. Findings suggest an old injury at this location." *Id*. The MRI revealed "no acute fracture or unstable osteochondral lesions." *Id*.

Initially, GM accepted the ankle injury claim because Dr. Davidson opined Mr. Harris injured his right ankle during physical therapy for his knee. (Ex. 4.) On May 13, 2015, Dr. Davidson recommended surgery under workers' compensation to correct the right-ankle condition. However, GM's workers' compensation insurance carrier denied the surgery request. Mr. Harris proceeded with surgery under his personal insurance.

In his operation report, Dr. Davidson noted that Mr. Harris' peroneal longus tendon was severely diseased and had ruptured requiring a tendon transfer. (Ex. 7.) Dr. Davidson's medical record of July 8, 2015, stated, "WC DOI: 07/23/2014 Patient was doing ankle raises during PT and ruptured a tendon." (Ex. 8.)

GM denied Mr. Harris' physical therapy caused his right-ankle injury. A Star Physical Therapy record dated October 2, 2014, indicated that Mr. Harris reported his lateral ankle hurt from "walking different." (Ex. 10.) Additionally, Mr. Harris filed forms with the Bureau alleging a right-ankle injury occurred on April 23, 2013, when he stepped in a hole at work. (Ex. 11.)

Mr. Harris' MRI of January 9, 2015, showed only a small ankle effusion, which

suggested an old injury with no evidence of a fracture or unstable osteochondral lesion. (Ex. 12.)  GM argued this MRI supported its contention that Mr. Harris' tendon rupture occurred after January 9, 2015, and not during physical therapy in October 2014 as he alleged.

Mr. Harris filed a Petition for Benefit Determination seeking temporary disability benefits and medical benefits.  (T.R. 1.)  The parties did not resolve the disputed issues through mediation, and the Mediation Specialist filed a Dispute Certification Notice. (T.R. 2.)  The Court conducted an Expedited Hearing on October 20, 2015.

## Findings of Fact and Conclusions of Law

### I.      GM's Motion to Exclude Medical Records

GM objected to the introduction of Mr. Harris' medical records at the Expedited Hearing.  GM argued that, although it had copies of most of the medical records Mr. Harris sought to introduce, Mr. Harris failed to notify GM of the exact records he intended to rely upon.  For that reason, GM asked the Court to exclude the medical records.  The Court respectfully denies GM's request with respect to all the records except for one.

The rules governing mediation and hearing procedures provide the following: "All motions for expedited hearing must be accompanied by affidavits and any other information demonstrating that the employee is entitled to temporary disability or medical benefits."  Tenn. Comp. R. & Regs. 0800-02-21-.14(1)(a) (2015).  The Court interprets this rule to require that a party must provide copies of any medical records it intends to present at an Expedited Hearing, except for those used for impeachment or rebuttal, to the opposing party prior the Expedited Hearing.  Essentially, if the proffering party provided a copy of the medical record to the objecting party concurrently with, or prior to, filing the Request for Expedited Hearing, the medical record is admissible if authenticated by the signature, or electronic signature, of the doctor.

GM agreed that it received the medical records Mr. Harris submitted as proof prior to the hearing except for Exhibit 9, Dr. Davidson's July 27, 2015 medical records addendum.  GM did not stipulate to admission of the records but, with the exception Exhibit 9, there are no grounds for exclusion.  For that reason, the Court denies GM's motion to exclude the medical records proffered by Mr. Harris with the exception of Exhibit 9.

Regarding Exhibit 9, the Court finds that Mr. Harris did not present a copy of this record to GM prior to the hearing.  Further, Mr. Harris did not submit a certificate from the doctor's office authenticating the record, and the record is unsigned.  (Ex. 9.) Accordingly, the Court finds that Mr. Harris failed to give GM appropriate notice of the

record, and the record does not meet the requirements for admissibility in an Expedited Hearing.  For these reasons, the Court excludes Exhibit 9.[1]

## II.  Mr. Harris Failed to Demonstrate a Likelihood of Success On the Merits at Trial

The Workers' Compensation Law shall not be remedially or liberally construed in favor of either party but shall be construed fairly, impartially and in accordance with basic principles of statutory construction favoring neither the employee nor employer.  Tenn. Code Ann. § 50-6-116 (2014).  The employee in a workers' compensation claim has the burden of proof on all essential elements of a claim.  *Tindall v. Waring Park Ass'n,* 725 S.W.2d 935, 937 (Tenn. 1987); *Scott v. Integrity Staffing Solutions,* No. 2015-01-0055, 2015 TN Wrk. Comp. App. Bd. LEXIS 24, at *6 (Tenn. Workers' Comp. App. Bd. Aug. 18, 2015).  An employee need not prove every element of his or her claim by a preponderance of the evidence in order to obtain relief at an expedited hearing.  *McCord v. Advantage Human Resourcing*, No. 2014-06-0063, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *7-8, 9 (Tenn. Workers' Comp. App. Bd. Mar. 27, 2015).  At an expedited hearing, an employee has the burden to come forward with sufficient evidence from which the trial court can determine that the employee is likely to prevail at a hearing on the merits.  *Id.*

GM initially accepted Mr. Harris' claim for the ankle injury and provided treatment under workers' compensation.  Dr. Davidson initially diagnosed the condition as tendonitis and related the injury to physical therapy for a previously accepted right-knee injury.  He also noted that Mr. Harris suffered from pes cavus.  Dr. Davidson suggested surgery to correct the pes cavus condition.  GM declined to pay for the surgery to correct the pes cavus condition and declined to provide further treatment for Mr. Harris' ankle.

Mr. Harris underwent surgery with Dr. Davidson to correct his pes cavus condition utilizing his private insurance.  While performing the surgery, Dr. Davidson discovered a torn tendon in Mr. Davidson's right ankle.  In his post-operative visit note, Dr. Davidson included peroneal tendon tear of the right ankle as a diagnosis.

Under the Tennessee Workers' Compensation Law, an injury that occurs after July 1, 2014, must arise "primarily out of and in the course and scope of employment, and [be] identifiable by time and place of occurrence[.]"  Tenn. Code Ann. § 50-6-102(13)(A) (2014).  "An injury 'arises primarily out of and in the course and scope of employment' only if it has been shown by a preponderance of the evidence that the employment contributed more than fifty percent (50%) in causing the injury, considering all causes[.]"  Tenn. Code Ann. § 50-6-102(13)(B) (2014).  Furthermore, the legislature limited the

---

[1] The Court included Exhibit 9 in the file for identification purposes.

jurisdiction of this Court to claims with a date of injury on or after July 1, 2014.

The main issue concerns the cause of Mr. Harris' peroneal tendon tear—whether it occurred as a result of the July 23, 2013 incident or occurred during physical therapy for his knee injury. If Mr. Harris' physical therapy caused the injury, it might be compensable as a direct and natural consequence of the treatment for his knee injury. *See Anderson v. Westfield Group*, 259 S.W.3d 690, 696-7 (Tenn. 2008) ("When the primary injury is shown to have arisen out of and in the course of employment, every natural consequence that flows from the injury likewise arises out of the employment. Consequently, 'all the medical consequences and sequelae that flow from the primary injury are compensable.'")(Internal citations omitted).[2] If the July 23, 2013 injury caused the tear, this Court lacks jurisdiction over the claim.

Except in "the most obvious, simple and routine cases," a workers' compensation claimant must establish by expert medical testimony that he or she is injured and that there exists a causal relationship between the injury and the claimant's employment activity. *Wheetley v. State*, No. M2013-01707-WC-R3-WC, 2014 Tenn. LEXIS 476, at *5 (Tenn. Workers' Comp. Panel June 25, 2014) (citing *Excel Polymers, LLC v. Broyles*, 302 S.W.3d 268, 274 (Tenn. 2009); *Cloyd v. Hartco Flooring Co.*, 274 S.W.3d 638, 643 (Tenn. 2008)). Normally, Mr. Harris would not need to prove medical causation to establish eligibility for medical benefits. *See McCord*, *supra*. Under these circumstances, where Mr. Harris has already received surgical treatment, the Court cannot determine Mr. Harris' eligibility for benefits without a clear opinion on causation.[3] Mr. Harris bears the burden of proving causation and, the Court finds he failed to carry it. Furthermore, Mr. Harris must prove an inability to work due to a compensable injury to recover temporary disability benefits. *See Simpson v. Satterfield,* 564 S.W.2d 953, 955 (Tenn. 1978). Mr. Harris, however, cannot prove compensability without a medical opinion demonstrating a causal relationship between his injury and his work for GM.

For these reasons, the Court finds that Mr. Harris is not likely to prevail at a hearing on the merits based on the proof presented at this time. The Court, therefore, denies his claim for temporary disability and medical benefits.

**IT IS, THEREFORE, ORDERED** as follows:

---

[2] The Tennessee Workers' Compensation Appeals Board allows reliance on precedent from the Tennessee Supreme Court "unless it is evident that the Supreme Court's decision or rationale relied on a remedial interpretation of pre-July 1, 2014 statutes, that it relied on specific statutory language no longer contained in the Workers' Compensation Law, and/or that it relied on an analysis that has since been addressed by the general assembly through statutory amendments." *McCord v. Advantage Human Resourcing*, No. 2014-06-0063, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *13 n.4 (Tenn. Workers' Comp. App. Bd. Mar. 27, 2015).

[3] Mr. Harris provided an opinion from Dr. Davidson concerning the cause of his ankle injury. The opinion, however, was not signed or accompanied by a letter confirming its authenticity. As stated in this order, the Court excluded the opinion, presented as Exhibit 9, from evidence.

5

1. Mr. Harris claim for temporary disability and medical benefits is denied at this time.

2. This matter is set for a Scheduling Hearing on **December 8, 2015, at 10:30 a.m. Central Time.**

**ENTERED this the 6th day of November, 2015.**

_____
**Joshua Baker, Judge**
**Court of Workers' Compensation Claims**

Initial Hearing:

A Scheduling Hearing has been set with **Judge Joshua Baker, Court of Workers' Compensation Claims. You must call 615-532-9552 or toll-free at 866-943-0025 to participate in the Initial Hearing.**

**Please Note: <u>You must call in on the scheduled date/time to participate.</u> Failure to call in may result in a determination of the issues without your further participation. All conferences are set using Central Time (CT).**

Right to Appeal:

Tennessee Law allows any party who disagrees with this Expedited Hearing Order to appeal the decision to the Workers' Compensation Appeals Board. To file a Notice of Appeal, you must:

1. Complete the enclosed form entitled: "Expedited Hearing Notice of Appeal."

2. File the completed form with the Court Clerk *within seven business days* of the date the Workers' Compensation Judge entered the Expedited Hearing Order.

3. Serve a copy of the Expedited Hearing Notice of Appeal upon the opposing party.

4. The appealing party is responsible for payment of a **<u>filing fee in the amount of $75.00.</u>** Within ten calendar days after the filing of a notice of appeal, payment

6

must be received by check, money order, or credit card payment. Payments can be made in person at any Bureau office or by United States mail, hand-delivery, or other delivery service. In the alternative, the appealing party may file an Affidavit of Indigency, on a form prescribed by the Bureau, seeking a waiver of the filing fee. The Affidavit of Indigency may be filed contemporaneously with the Notice of Appeal or must be filed within ten calendar days thereafter. The Appeals Board will consider the Affidavit of Indigency and issue an Order granting or denying the request for a waiver of the filing fee as soon thereafter as is practicable. **Failure to timely pay the filing fee or file the Affidavit of Indigency in accordance with this section shall result in dismissal of the appeal.**

5. The parties, having the responsibility of ensuring a complete record on appeal, may request, from the Court Clerk, the audio recording of the hearing for the purpose of having a transcript prepared by a licensed court reporter and filing it with the Court Clerk within ten calendar days of the filing of the Expedited Hearing Notice of Appeal. Alternatively, the parties may file a joint statement of the evidence within ten calendar days of the filing of the Expedited Hearing Notice of Appeal. The statement of the evidence must convey a complete and accurate account of what transpired in the Court of Workers' Compensation Claims and must be approved by the workers' compensation judge before the record is submitted to the Clerk of the Appeals Board.

6. If the appellant elects to file a position statement in support of the interlocutory appeal, the appellant shall file such position statement with the Court Clerk within three business days of the expiration of the time to file a transcript or statement of the evidence, specifying the issues presented for review and including any argument in support thereof. A party opposing the appeal shall file a response, if any, with the Court Clerk within three business days of the filing of the appellant's position statement. All position statements pertaining to an appeal of an interlocutory order should include: (1) a statement summarizing the facts of the case from the evidence admitted during the expedited hearing; (2) a statement summarizing the disposition of the case as a result of the expedited hearing; (3) a statement of the issue(s) presented for review; and (4) an argument, citing appropriate statutes, case law, or other authority.

**APPENDIX**

Exhibits:

1. Affidavit of Charles Harris dated September 4, 2015
2. GM's letter to Bureau dated August 13, 2015
3. October 29, 2014 medical note
4. January 9, 2015 letter from Dr. Davidson
5. December 1, 2014 medical records
6. Letter from Tina Fodo dated June 2, 2015
7. Dr. Davidson's Operative Report dated June 25, 2015
8. Dr. Davidson's medical note dated July 8, 2015
9. Dr. Davidson's addendum of July 27, 2015 (included for identification only)
10. Star Physical Therapy daily treatment note of October 2, 2014
11. Mr. Harris' Request for Benefit Review Conference filed with the Bureau September 10, 2015, for April 23, 2013 date of injury
12. Spring Hill Imaging Center January 9, 2015 MRI

Technical Record:[4]

1. Petition for Benefit Determination (PBD), August 6, 2015
2. Dispute Certification Notice (DCN), September 9, 2015
3. Request for Expedited Hearing, September 9, 2015
4. Medical records, Middle Tennessee Bone & Joint
5. GM's responses to Request for Expedited Hearing filed with attachments:
   o Exhibits 1-5
6. Mr. Harris' response to GM's response to Request for Expedited Hearing position statement filed September 25, 2015

---

[4] The Court did not consider attachments to the above filings unless admitted into evidence during the Expedited Hearing. The Court considered factual statements in the above filings or any attachments to them as allegations unless established by the evidence.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Expedited Hearing Order was sent to the following recipients by the following methods of service on this the __6th__ day of November, 2015.

| Name | Certified Mail | Via Fax | Via Email | Service sent to: |
|---|---|---|---|---|
| Charles Harris | X | | | 2823 Windy Way, Thompson's Station, TN 37179 |
| Jason A. Lee, Esq. | | | X | jlee@burrlowlee.com |

_____
**Penny Shrum, Clerk of Court**
**Court of Workers' Compensation Claims**
**WC.CourtClerk@tn.gov**

9